# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1468V
(not to be published)

| | |
|---|---|
| CHERYL POWERS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 14, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Michael G. McLaren*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.

*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 24, 2018, Cheryl Powers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccination as a result of an influenza vaccine she received on October 20, 2017 in her left arm. (Petition at 1). On July 15, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 39).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for a final award of attorney's fees and costs, dated September 28, 2020 (ECF No. 39), requesting a total award of $28,872.55 (representing $25,956.60 in fees and $2,915.95 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 39-3). Respondent reacted to the motion on October 13, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring resolution of the amount to be awarded to my discretion. (ECF No. 40). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful petitioners. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. Excessive and Duplicative Billing

The hourly rates requested for the attorneys who performed work on this matter are consistent with what they have received in the past in the Program, and therefore I will award them in full. However, a number of entries in the billing records reflect work performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Examples of these include:

- December 6, 2017 (0.20 hrs) "Prepare updated version of engagement letter with correct shot date and forward to client";

- December 18, 2017 (0.20 hrs) "Receipt/Review, note and save to file executed engagement letter, release, and provider letter";

- April 24, 2020 (0.20 hrs) "Receipt of invoice from St. Vincent; review invoice charges per Indiana state statute for allowable medical records fees; update provider chart";

- April 24, 2020 (0.20 hrs) "Email to Samantha Ward regarding invoice submitted to Sherry Ferron for payment";

- May 3, 2018 (0.30 hrs) "Receipt of invoice from Englewood Hospital; review invoice charges per New Jersey state statute for allowable medical records fees; update provider chart; copy of invoice to Sherry Ferron for payment";

- May 23, 2018 (0.20 hrs) "Telephone call to St. Vincent regarding payment of invoice; update provider chart"; and

3

- October 12, 2018 (0.40) "Modify arrangements for meeting with client."

(ECF No. 39-2 at 29 – 32, 34 and 38).[3]

Based upon the above, and in keeping with my discretion to make across-the-board reductions to requested fees in appropriate circumstances, I reduce the requested amount of attorney's fees to be awarded by five percent, for a total reduction of **$1,297.83.**

## ATTORNEY COSTS

Upon my review of the receipts submitted for travel, I find multiple problems regarding the costs requested for reimbursement -- specifically regarding hotel and a car service expenses. All travel was billed by Mr. Webb, who has had previous requests for costs reduced for the same reasons yet continues to bill for travel that is *not* reimbursable by the Program.[4]

### A. Hotel Costs

In order to meet with the Petitioner, Mr. Webb stayed two nights at the JW Marriott, a luxury hotel in Indianapolis, IN. The room rate consisted of $732.02 the first night and $411.84 the second night, including all occupancy, state and local taxes. (ECF No. 39-2 at 13). Mr. Webb noted on his invoice that there was a "huge conference in town" in the area during his stay and this increased the room rates but did not provide supporting evidence to substantiate this assertion. (*Id*).

Although hotel lodging, like airfare, is subject to wide fluctuations in price based on how early the lodging is booked and the time of year, hotel costs at these rates are unreasonable in the Vaccine Program absent supporting substantiation. *See Pickens v. Sec'y of Health & Human Servs*., No. 17-187V, 2019 WL 5260367, at *5 (Fed. Cl. Spec. Mstr. Sept. 20, 2019). It is equally likely that a more reasonable rate could have been located; even directly in Washington, D.C. (the literal "forum" for Vaccine Act claims), a

---

[3] These are merely examples and not an exhaustive list.

[4] Black McLaren has had requests for attorney's costs previously reduced for excessive airfare and other luxury costs in multiple cases, including but not limited to: *Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Human Serv.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Spivey v. Sec'y of Health & Human Serv.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); and *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019).

4

lower rate would be obtainable. *See Montgomery v. Sec'y of Health & Human Servs.,* No. 15-1037V, 2020 WL 2510442, (Fed. Cl. Spec. Mstr. Apr. 29, 2020). As no supporting evidence of reasonableness was provided, I will reduce the costs of the nighty hotel rates by half (reflective of a rate the Program would routinely reimburse), resulting in a reduction of **$571.93**.[5]

### B. Car Service Costs

Mr. Webb utilized the Uber service as transportation to and from the airport and hotel, resulting in charges of $106.06. (ECF No. 39-2 at 15 and 18). Upon review of the invoices, however, the pages reflecting the type of Uber service used and the miles driven were not submitted.

Mr. Webb has been previously cautioned in the Vaccine Program against using Uber's "luxury" end services (Uber Select and Uber Black), because they exceed what is reasonable for a Program costs award. *See,* e.g., *Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676, at *6 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Human Serv.,* No. 16-0920V, 2019 WL 4305792, at *7 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Spivey v. Sec'y of Health & Human Serv.,* No. 18-0959V, 2019 WL 7580151, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152, at *3 (Fed. Cl. Spec. Mstr. Dec. 12, 2019). Independent research I have performed shows that a standard Uber ride from the Indianapolis Airport to the hotels at issue would be only $18.24, not including tip.[6] In comparison, a "premier" Uber ride would be a cost of $43.50, not including tip.

Based on this information, and in light of the fact that counsel has been warned in the past to cease billing for unnecessary luxury transport services, I find the Uber rates to be excessive and reduce the rates by half. This reduced the costs to be awarded by the amount of **$53.03**.[7]

---

[5] The total amount requested consists of night 1's rate and taxes ($626 + $43.82 + $62.60 = $732.02) + night 2's rate and taxes ($352 + $24.64 + $35.20 = $411.84) = $1,143.86.

[6] This information was obtained from the Uber price calculation at Uber.com. https://www.uber.com/us/en/price-estimate/ (last visited Nov. 23, 2020).

[7] This amount consists of $56.55 + $49.51 = $106.06 / 2 = $53.03.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$26,949.76** (representing $24,658.77 in fees and $2,290.99 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.